UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD HAWKINS, | ) | CASE NO. 4:12cv1029 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| YOUNGSTOWN MUNICIPAL | ) | |
| COURT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Edward Hawkins filed this action against the Small Claims Division of the Youngstown Municipal Court. In the complaint, plaintiff alleges that, although he is on social security, the court refused to allow him to proceed without payment of the filing fee. He filed a substantially similar amended complaint on May 11, 2012. He seeks $300,000.00 in compensatory and treble damages.[1]

**Background**

Plaintiff's complaint is very brief. He indicates that he went to the small claims court in Youngstown on April 25, 2012. He states he was told the fee to file a case in small claims court is $41.00. He informed the court clerk that a federal statute, "U.S.C. 4211350" exempts individuals who derive their income solely from social security from paying filing fees. The court clerk disagreed with him. Plaintiff was eventually escorted from the building. He contends the court "usurped their jurisdiction and inserted their rules of procedure which is none." (Doc. No. 3 at 13.) He cites *Usher v. Schweiker,* 666 F.2d 652 (1st Cir. 1981) as support for his assertion that he is exempt from paying filing fees because

---
[1] This opinion applies equally to plaintiff's claims in both the complaint and amended complaint.

his income is based solely on social security. He requests "$100,000 plus treble damages, due to abuse of myself and most likely others, forced to play run-around + walkabout." (Doc. No. 3 at 13.)

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*,

U.S. 677. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### Analysis

As an initial matter, plaintiff cannot bring a lawsuit against the Youngstown Municipal Court. The court is not *sui juris*, meaning it is not a legal entity that can sue or be sued. *See Burton v. Hamilton County Juvenile Court*, Case No. 1:04-cv-368, 2006 WL 91600 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued); *Yoel v. Gandolf*, Case No. 1:06-cv-387, 2007 WL 777983 (N.D. Ohio Mar. 12, 2007) (holding that the Lake County, Ohio Court of Common Pleas cannot sue or be sued in a Section 1983 action). "[A]bsent express statutory authority, a court can neither sue nor be sued in its own right." *Harsh v. City of Franklin*, No. C-1-07-874, 2009 WL 806653 (S.D. Ohio Mar. 26, 2009). The court is merely a subunit of the municipality it serves. *See Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D. Ohio 1987).

Even if this complaint is construed against the City of Youngstown, plaintiff has not alleged a cause of action over which this Court has subject matter jurisdiction. Although it appears he is relying on a federal statute to support federal question jurisdiction, the statute he cites, U.S.C. 4211350, does not exist. Title 42 U.S.C. § 11350 is also not a valid citation. Moreover, the Court can find no legal support for plaintiff's assertion that recipients who derive their income solely from social security are exempt

---

779 F.2d 1177, 1179 (6th Cir. 1985).

from paying filing fees. The case he cites, *Usher v. Schweiker*, 666 F.2d 652 (1st Cir. 1981), does not stand for the proposition either in its holding or dicta. That case involved recipients of supplemental security income whose benefits had been reduced because they lived in apartments owned by their children and were charged less than current market rent for the apartments. The First Circuit held that the regulation requiring reduction of supplemental security income benefits by including difference between fair market value of rental accommodation and lower rental payment made by a recipient as part of the recipient's unearned income did not unconstitutionally discriminate between such recipients and recipients who lived in federally subsidized housing because the congressional determination not to reduce benefits of those who lived in subsidized housing was rationally related to the legitimate legislative objection of making subsidized housing more attractive to supplemental security income recipients. *Id.* This First Circuit case has no bearing on the facts presented by plaintiff in the instant action.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. *Beaudett*, 775 F.2d at 1278. Moreover, while plaintiff is not required to recite chapter and verse of the statute upon which he relies, he must provide the court and the defendant with sufficient information about the basis for his

claim to satisfy federal notice pleading requirements. *See Iqbal*, 556 U.S. at 678-79; *Wells v. Brown*, 891 F.2d at 594. Even liberally construing the complaint and amended complaint, the Court is unable to identify a viable cause of action in plaintiff's pleadings.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: September 13, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.